*Prashad v. City of Hartford*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of February, two thousand seventeen.

PRESENT:
>  PIERRE N. LEVAL,
>  GUIDO CALABRESI,
>  SUSAN L. CARNEY,
>> *Circuit Judges.*

---

HERMAN PRASHAD,
>  *Plaintiff-Appellant*,

>          v.                                              No. 16-1289

CITY OF HARTFORD,
>  *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:          JOHN R. WILLIAMS, New Haven, CT.

FOR DEFENDANT-APPELLEE:          MELINDA B. KAUFMANN, Pullman & Comley, LLC, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Covello, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court entered April 18, 2016, is **AFFIRMED**.

Plaintiff-appellant Herman Prashad alleges that between 2011 and 2013, he suffered workplace harassment on the basis of his ancestry and national origin while employed as a certified science teacher in the Hartford public school system. He complained about the harassment and was ultimately terminated from his teaching position on December 20, 2013. Proceeding *pro se*, Prashad filed a lawsuit in Connecticut Superior Court against defendant "Hartford Public Schools/City of Hartford" ("the City"), alleging that the City discriminated and retaliated against him. The case was removed to federal court, and Prashad retained counsel. Summary judgment was entered in the City's favor on April 18, 2016. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

Prashad's sole argument on appeal is that the District Court lacked subject-matter jurisdiction over his case.[1] He argues that, because his complaint, brought in state court, explicitly cited a Connecticut statute and never mentioned federal antidiscrimination law, it did not present a federal question and did not come within the jurisdiction of the federal courts over federal questions under 28 U.S.C. § 1331.

We reject Prashad's jurisdictional argument. His complaint was ambiguous as to the law invoked, notwithstanding its reference to a Connecticut statute, and it recited facts sufficient to support a claim under federal antidiscrimination laws. Prashad never objected to federal jurisdiction until this appeal. Even when counselled, he never told the District Court that it was his intention to plead only a state claim, nor did he ever move for remand to the state court. What is more, he repeatedly argued to the District Court that he should prevail under the pertinent federal statute. Prashad is correct that the parties may not, by mere consent, create federal jurisdiction where it is otherwise lacking. But his complaint was ambiguous as to the source of law, and his conduct in the District Court constituted

---

[1] During oral argument, Prashad expressly abandoned any challenge to the merits of the District Court's grant of summary judgment. We therefore have no occasion to address whether the District Court's reasons for granting summary judgment were sound.

acquiescence in resolving that ambiguity in favor of federal jurisdiction. *See Vitarroz Corp. v. Borden, Inc.*, 644 F.2d 960, 964-65 (2d Cir. 1981).

The District Court therefore properly exercised jurisdiction over the case.

\* \* \*

Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court